**THE URBAN LAW FIRM**
MICHAEL A. URBAN, Nevada State Bar No. 3875
NATHAN R. RING, Nevada State Bar No. 12078
4270 South Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Telephone: (702) 968-8087
Facsimile: (702) 968-8088
E-mail: murban@theurbanlawfirm.com
nring@theurbanlawfirm.com
*Counsel for Plaintiffs.*

2013 DEC 30 P 3: 35

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| LABORERS INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 872, <br><br> Plaintiff, <br><br> vs. <br><br> VETERANS SOUTHWEST MAINTENANCE, a Nevada sole-proprietorship; and STANLEY WASHINGTON, an individual, <br><br> Defendants. | 2:13-CV-2360-LDG <br><br> **2:13-ms-106** <br><br><br> **CONFESSION OF JUDGMENT AND STIPULATION FOR ENTRY OF JUDGMENT AND ORDER THEREON** |

This stipulation and Defendants' confession of judgment is entered into by and between the parties with reference to a grievance filed by Mr. Samuel Bowman against Veterans Southwest Maintenance, Inc. for work Mr. Bowman performed for Veterans Southwest Maintenance. Veterans Southwest Maintenance is a Nevada sole-proprietorship registered to Dr. Robert Gaines Sr. and operated in Nevada by Stanley Washington. In order to settle and conclude the grievance, the parties agreed to forego arbitration of the grievance and enter into a settlement agreement.

Accordingly, Plaintiffs, Laborers International Union of North America, Local 872 and Defendants, Veterans Southwest Maintenance and Stanley Washington:

HEREBY STIPULATE, that Judgment shall be entered in favor of Plaintiffs, , Laborers International Union of North America, Local 872, and against Defendants, Veterans Southwest

Maintenance and Stanley Washington, jointly and severally, for the principal amount of $5,600.00, plus interest thereon from August 7, 2013, in the form attached hereto marked as **Exhibit A.** Defendants shall be given credit for any payments made prior to their default of the settlement agreement between the parties.

Dated: ~~August~~ December 20th, 2013

THE URBAN LAW FIRM

By: /s/ Nathan R. Ring
Nathan R. Ring, Nevada State Bar No. 12078
*Counsel for Plaintiffs*

Dated: August 7, 2013

VETERANS SOUTHWEST MAINTENANCE AND STANLEY WASHINGTON

By: /s/ Stanley Washington
Stanley Washington
*Defendant*

## ORDER

IT IS HEREBY ORDERED that the Stipulation of the parties is approved. Let judgment be entered accordingly.

DATED: 31 Dec 2013

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF CLAIMS

This SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF CLAIMS is executed this 7 day of August, 2013, by and between LABORERS INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 872, and VETERANS SOUTHWEST MAINTENANCE, a Nevada sole-proprietorship and STANLEY WASHINGTON, an individual, all of whom will be collectively referred to as "Parties." The Settlement Agreement and Mutual Release is made and entered into with reference to the following facts:

## RECITALS

A. VETERANS SOUTHWEST MAINTENANCE (hereinafter "VSI"), is a Nevada sole-proprietorship registered in Clark County Nevada to Dr. Robert Gaines Sr. and operated in Nevada by Mr. Stanley Washington. VSI is signatory to a collective bargaining agreement (hereinafter "Labor Agreement") with the LABORERS INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 872 (hereinafter "Local 872"). The Labor Agreement requires VSI to, among other things, dispatch any of its employees performing laborer work within Local 872's jurisdiction from Local 872's exclusive hiring hall. VSI is also required to make fringe benefit contributions on behalf of all employees performing laborers covered work on its projects.

B. VSI employed Mr. Samuel Bowman as a laborer on its project at the Luxor Hotel & Casino in Clark County, Nevada. Mr. Bowman performed two-hundred and ninety-nine hours (299 hours) on the Luxor Hotel and Casino project for which VSI did not make benefit contributions on Mr. Bowman's behalf to the Laborers Trust Funds. The proper contribution rate per hour for Mr. Bowman's work was as follows:

| Pension Plan A | $ 6.54 |
| --- | --- |
| Pension Plan B | $ 0.00 |
| Health and Welfare | $ 8.35 |
| Vacation | $ 3.24 |
| Training | $ 0.45 |

| | |
|---|---|
| C.A.F. | $ 0.15 |
| Total Fringe Contribution | $ 18.73 |

C.   The dispute between Local 872 and VSI concerning Mr. Bowman's grievance was set to be arbitrated on August 15, 2013 before Arbitrator Ed Scholtz. This arbitration has been cancelled based on the settlement of the parties, which is written within this agreement.

D.   The Parties now wish to resolve all disputes relating to the grievance filed by Local 872 on behalf of Mr. Bowman concerning Mr. Bowman's employment with VSI on the Luxor Hotel and Casino project.

## AGREEMENT

**NOW, THEREFORE**, be it resolved, in consideration of the mutual covenants contained herein, it is agreed as follows:

**First**: VSI and Mr. Washington agree to pay the amount of $5,600.00 to the Laborers Trusts for the work performed by Mr. Bowman on the Luxor Hotel and Casino project. This amount will be paid with $2,800 as a down payment, which is due on or before August 15, 2013 at 5:00 p.m. and delivered to 2345 Red Rock Street, Suite 300, Las Vegas, Nevada 89146. The remaining $2,800 will be paid over six equal monthly installment payments at 8% interest. The payment schedule will be as follows:

| DUE DATE | PAYMENT # | PRINCIPAL | INTEREST | TOTAL PAYMENT |
|---|---|---|---|---|
| 9/15/2013 | 1 | $458.95 | $18.67 | $477.62 |
| 10/15/2013 | 2 | $462.01 | $15.61 | $477.62 |
| 11/15/2013 | 3 | $465.09 | $12.53 | $477.62 |
| 12/15/2013 | 4 | $468.19 | $ 9.43 | $477.62 |
| 1/15/2014 | 5 | $471.31 | $ 6.31 | $477.62 |
| 2/15/2014 | 6 | $474.45 | $ 3.16 | $477.62 |



**Second**: The payments due under this settlement agreement are due on the date specified and must be received at 2345 Red Rock Street, Suite 300, Las Vegas, Nevada 89146 before 5:00 p.m. on the date noted for payment. Failure to make a payment is a default of this agreement and will change the interest rate of 8% to the default rate of 14%. Any default under this agreement, also allows Local 872 pull all manpower from any job or project being performed by VSI.

**Third**: As part of this settlement, the Parties agree VSI and Mr. Washington will sign a confession of judgment, which may be filed if the terms of this settlement agreement are breached. The confession of judgment may be filed in a court of competent jurisdiction, whether state or federal court, in Clark County, Nevada.

**Fourth**: Local 872, upon receipt of the full settlement amount and any accrued interest on the settlement agreement and VSI and Mr. Washington' compliance with the other terms and conditions set forth in this Settlement Agreement and Mutual Release, do hereby, and for their successors and assigns, release, acquit and forever discharge VSI and Mr. Washington and their agents, employees, successors, and each of them, from any and all claims, actions, causes of action, rights, demands, debts, damages or accountings of whatever nature, whether known or unknown, suspected or unsuspected for the time period of November 1, 2012 to February 28, 2013, concerning any obligation, contractual or otherwise, relating to Mr. Bowman's grievance filed against VSI. This release shall not and does not apply to any other matters or time periods.

For the purpose of implementing a full and complete release and discharge of VSI and Mr. Washington and their agents, employees, successors, and each of them, Local 872 acknowledge this Mutual Release is intended to include in its effect, without limitation, all claims relating to the specified periods of time pertaining only to Mr. Bowman's grievance, which Local 872 may not know or suspect to exist in their favor at the time of execution hereof, and that this release contemplates the extinguishment of any such claim or claims, unless otherwise noted within this paragraph.

**Fifth**: VSI and Mr. Washington and their successors and assigns, release, acquit and forever discharge Local 872, the officers of Local 872, and their agents, affiliates, directors, successors and

assigns, from any and all claims, actions, causes of action, rights, demands, damages or accounts, interest, and audit costs for the period of November 1, 2012 to February 28, 2013. This release shall not apply to any other matters or time periods.

For the purpose of implementing a full and complete release and discharge of the Local 872 and their officers, agents, employees, successors, and each of them, VSI and Mr. Washington acknowledge this Mutual Release is intended to include in its effect, without limitation, all claims relating to the specified periods of time which VSI and Mr. Washington did not know or suspect to exist in their favor at the time of execution hereof, and that this release contemplates the extinguishment of any such claim or claims. The release does not extend to any potential liability or claims outside the period from November 1, 2012 to February 28, 2013.

**Sixth**: This Agreement shall inure to the benefit of and bind the Parties hereto, their agents, employees, subsidiaries, affiliate corporations, successors, assigns, and any and all persons or entities claiming by or through or acting on behalf of any party hereto.

**Seventh**: This Settlement Agreement and Mutual Release of Claims shall be governed by the laws of the State of Nevada and the United States. Any dispute arising out of or relating to this Agreement shall be brought in Nevada and only in Clark County, Nevada, whether the case is brought in the Federal or State courts, to which the parties hereby expressly consent to personal jurisdiction.

**Eighth**: In the event of a dispute arising out of or relating to this Agreement, the general rule of construction against the drafter shall not apply. Rather, it is understood and acknowledged this Settlement Agreement and Mutual Release of Claims is the result of mutual review and consideration by all Parties, which therefore negates this general rule. Further, the Parties understand and agree any party who successfully seeks to enforce the terms of this Agreement shall be entitled to receive its reasonable attorney's fees and costs incurred to enforce this Agreement.

**Ninth**: The Parties each represent and warrant to each other they respectively own all the claims which they are releasing hereunder and they have not assigned to any other person or entity any of the claims they have against each other. All representations, warranties, covenants and



agreements of the Parties contained in this Agreement, or in any instrument or other writing provided for herein, shall survive the execution and delivery of this Agreement.

**Tenth**:  The Parties each represent and warrant they have been advised they should be represented by counsel of their own choosing in the preparation and analysis of this Agreement, they have been represented by their own independent counsel and they have read this Agreement with care and believe they are fully aware of and understand the contents thereof and its legal effect. The Parties further represent and warrant they enter into this Agreement voluntarily and the Parties have had the opportunity to seek legal counsel before signing this Agreement.

**Twelfth**: Each of the Parties and signatories to this Agreement represents and warrants they have the full right, power, legal capacity and authority to enter into and perform the Parties' respective obligations under the Agreement and such obligations bind the other party without the requirement of the approval or consent of any other person or entity bound by this Agreement.

**Thirteenth**: Time is of the essence in this Agreement, and in all the terms, provisions, covenants and conditions hereof.

**Fourteenth**: The Parties shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary in connection with the performance of their obligations to fulfill the purposes of this Agreement.

**Fifteenth**: No amendment, change or modification of this Agreement shall be valid, unless in writing and signed by all of the Parties.

**Sixteenth**: No waiver by any party hereto of a breach of any provision of this Agreement shall constitute a waiver of any preceding or succeeding breach of the same or any other provision of the Agreement.

**Seventeenth**: This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**Eighteenth**: In this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so requires.



**Nineteenth:** The captions appearing at the commencement of the sections in this Agreement are descriptive only and for convenience in reference. Should there be any conflict between any such caption and the section at the head of which it appears, the section and not such caption shall control and govern in the construction of this Agreement.

**Twentieth:** Except as otherwise provided within this Agreement, each of the Parties shall pay all of their own fees and costs in connection with the Action, including, but not limited to, legal fees, accounting fees, and any other expenses incurred or to be incurred by it or them in negotiating and preparing this Agreement.

**Twenty-First:** Except as expressly stated herein, nothing in this Agreement, is intended to confer any rights or remedies under or by reasons of this Agreement on any persons other than the Parties and their respective successors and assigns, nor is anything in this Agreement intended to relieve or discharge the obligations or liability of any third persons to any Party to this Agreement, nor shall any provision give any third person any right or subrogation or action over or against any Party to this Agreement.

**Twenty-Second:** This Agreement and the documents incorporated herein by reference are the sole and exclusive agreement between the Parties in regard to the Action. There are no representations made or relied upon other than as expressed in writing signed by all of the Parties. Should any provision of this Agreement be declared or be determined by any Court to be illegal or invalid, the validity of the remaining provisions shall not be affected, and the illegal or invalid provisions shall be deemed no longer part of this Agreement. The Parties acknowledge and are aware they may hereafter discover facts different from, or in addition to, those they now know or believe to be true with respect to the claims, demands, actions, suits, causes of action, obligations, debts, expenses, damages, and liabilities herein released, and each party agrees the Agreement shall remain in effect in all respects as a complete and general release as to all matters released, notwithstanding any such different or additional facts.

**Twenty-Third:** This Settlement Agreement and Mutual Release of Claims are and shall remain confidential. The Parties and their representatives agree to not communicate or reveal to

anyone the terms of this Settlement Agreement and Mutual Release except as is necessary to enforce the terms of this Settlement Agreement and Mutual Release, or as directed by a Court order.

IN WITNESS WHEREOF, this Agreement has been executed on the dates set forth below.

Dated: August 7, 2013

**LABORERS INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 872**

By: _____
Agent authorized to enter into this SETTLEMENT AGREEMENT AND MUTUAL RELEASE on behalf of Local 872.

Dated: August 7, 2013

**VETERANS SOUTHWEST MAINTENANCE, A SOLE-PROPREITORSHIP, AND MR. STANLEY WASHINGTON, AN INDIVIDUAL**

By: _____
Mr. Stanley Washington

# THE URBAN LAW FIRM
A PROFESSIONAL CORPORATION

FILE NO.: 1018.0054

2013 DEC 30  P 3: 35

December 30, 2013

*Via Legal Wings*

United States District Court Clerk
District of Nevada
333 S. Las Vegas Blvd.
Las Vegas, NV 89101

2:13-ms-106

**Reference:**   Laborers International Union of North America, Local 872 v.
Veterans Southwest Maintenance, et al.
Settlement Agreement

**Subject:**   Confession of Judgment and Stipulation for Entry of Judgment
<u>and Order Thereon in United States District Court, District of Nevada</u>

Dear Clerk of the Court:

This firm represents the Laborers International Union of North America, Local 872.

Please find enclosed Confession of Judgment and Stipulation for Entry of Judgment and Order Thereon for filing. Also enclosed, is check number 2253 in the amount of $46.00 representing the filing fee for this request.

The parties are as follows:

1. Plaintiffs: Laborers International Union of North America, Local 872
    a. Represented by The Urban Law Firm, 4270 S. Decatur Blvd. Suite A-9, Las Vegas, NV 89103. Attorney names are as follows:
        i. Nathan R. Ring, NSB# 12078
        ii. Michael A. Urban NSB# 3875

2. Defendants:
    a. Veterans Southwest Maintenance, a Nevada sole-proprietorship, 3651 Lindell Road, Suite D-456
       Las Vegas, Nevada 89103
    b. Stanley Washington, an individual, 3651 Lindell Road, Suite D-456
       Las Vegas, Nevada 89103

If you have any questions, please do not hesitate to contact me at (702) 968-8087.

Respectfully,

*Krista Taylor-Openbrier*
Krista Taylor-Openbrier
Paralegal

Enclosures: As Stated

```
Court Name: District of Nevada
Division: 2
Receipt Number: NVLAS023620
Cashier ID: jgiesbre
Transaction Date: 12/30/2013
Payer Name: Michael A Urban
-----------------------------------
MISCELLANEOUS PAPERS
 For: Michael A Urban
 Case/Party: D-NVX-2-13-MS-000106-001
 Amount:         $46.00
-----------------------------------
CHECK/MONEY ORDER
 Remitter: Michael A Urban
 Check/Money Order Num: 2253
 Amt Tendered: $46.00
-----------------------------------
Total Due:       $46.00
Total Tendered: $46.00
Change Amt:      $0.00


"Only when bank clears the check,
money order, or verifies credit of
funds is the fee or debt officially
paid or discharged.  A $53 fee will
be charged for a returned check."
```